### FEDERAL DEPOSIT INSURANCE CORPORATION
### v.
### Ralph E. CADES et al.
### v.
### DEPARTMENT OF BANKING OF the COMMONWEALTH OF PENNSYLVANIA.

#### Civ. A. No. 71–1886.

United States District Court, E. D. Pennsylvania.

May 11, 1973.

Gregory M. Harvey, Morgan, Lewis & Bockius, Philadelphia, Pa., for plaintiff.

Richard M. Rosenbleeth, Philip C. Patterson, Blank, Rome, Klaus & Comisky, Philadelphia, Pa., for Cades & Stratton.

Philip D. Weiss, McTighe, Brown, Weiss, Bonner & Stewart, Norristown, Pa., for Quinlan.

Harry A. Rutenberg, Philadelphia, Pa., for Popkin.

Martin A. Heckcsher, Duane, Morris & Heckscher, Philadelphia, Pa., for Daniels.

Robert St. Leger Goggin, Marshall, Dennehey & Warner, Philadelphia, Pa., for Decker.

Conrad P. Sheehan, New York City, for Bailey.

Gerald Gornish, Deputy Atty. Gen., Harrisburg, Pa., for Department of Banking.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

Defendant, Department of Banking of the Commonwealth of Pennsylvania, has moved this Court to dismiss the third party complaint against it pursuant to Rule 12 of the Federal Rules of Civil Procedure, and has set forth as its reasons for dismissal the sovereign immunity of the Commonwealth of Pennsylvania to which it, the Department of Banking, is entitled as an agent thereof, and the failure of the third party plaintiff Quinlan to state a claim against the third party defendant upon which relief can be granted.

Third party plaintiff Quinlan's answer to the motion of third party defendant Department of Banking's motion to dismiss sets forth three reasons why the Department of Banking should not be allowed to raise the defense of sovereign immunity in this particular case. The first of these is that under the Act of May 15, 1933, P.L. 565, § 713 (71 P.S. § 733–713), the Department of Banking consented to being sued, thereby waiving whatever immunity it had as an agent of the Commonwealth of Pennsylvania. Third party plaintiff has since conceded that the Act of May 15, 1933 does not act as a waiver of the Department of Banking's sovereign immunity and therefore no longer relies on it to confer jurisdiction.

The second and third contentions of third party plaintiff can be dealt with in the same breath because each involves essentially the same issue, and that issue involves the question of whether or not the Department of Banking, which is presently acting as statutory receiver for City Bank, has waived its immunity from suit by its sale of the assets of City Bank to the Federal Deposit Insurance Corporation pursuant to Section 13(e) of the Federal Deposit Insurance Act, Title 12 U.S.C. § 1823(e).

■ ■ The Department of Banking concedes that under recent case law a state may be held to waive its traditional common law immunity or its Eleventh Amendment "Immunity" by engaging in activities of paramount federal interest. See Parden v. Terminal Railway Co., 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964); Pennsylvania Environmental Council, Inc. v. Bartlett, 454 F.2d 613 (3rd Cir. 1971). A close scrutiny of each of the above cited cases reveals that Congress through the commerce clause, intended to regulate certain activities by enacting specific legislation related thereto and that a state may be held to have waived its sovereign immunity to the extent that it enters into such activity. The basis for finding such a waiver is that the state who enters into such activity in the face of a specific federal regulation is presumed to know the consequences of its decision to engage therein and in short the state knows what it's getting itself in for. See Employees of the Department of Public Health and Welfare, State of Missouri, et al. v. Department of Public Health and Welfare, State of Missouri, et al., —— U.S. ——, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973) (Marshall, J., concurring).

Returning to the issue in this case, we are confronted with several problems. Nowhere in either plaintiff, Federal Deposit Insurance Corporation's complaint or in third party plaintiff Quinlan's third party complaint are we confronted with an alleged violation of any specific federal regulatory statute. Title 12, U.S.C. § 1819 sub-paragraph "fourth" states in relevant part:

". . . All suits of a civil nature at common law or in equity to which

the Corporation shall be a party, shall be deemed to arise under the laws of the United States, and the United States District Court shall have original jurisdiction thereof, without regard to the amount in controversy; . . ., except that any such suit to which the Corporation is a party in its capacity as a receiver of a State Bank and which involves only the rights or obligations of depositors, creditors, stockholders, and such State Bank under State Law shall not be deemed to arise under the laws of the United States."

Third party plaintiff is contending that because this Court by order of November 10, 1972, found that the Federal Deposit Insurance Corporation was not acting in its capacity as a receiver, this suit must involve questions of federal law because under the above cited statute it is deemed to have arisen under the laws of the United States.

The difficulty with this argument is that although there may well be collateral issues of federal law which govern the relationship between the Federal Deposit Insurance Corporation and the Department of Banking, the gravamen of plaintiff's complaint and third party plaintiff's complaint is posited on Pennsylvania law.

Third party plaintiff argues that Section 1823(e) of Title 12, U.S.C. confers jurisdiction over the Department of Banking because somehow the second paragraph of that sub-section controls the propriety of certain actions taken by City Bank, as well as the individual actions of the directors prior to the appointment of the Pennsylvania Department of Banking as statutory receiver. We are of the opinion that the specific section cited by third party plaintiff does not apply to the Department of Banking under the facts of this case, and does not therefore confer jurisdiction over the Department of Banking because this statute does not regulate any activity of the Department of Banking and no others have been brought to our attention which would specifically regulate any activity of the Pennsylvania Department of Banking. This Court is of the opinion that the Department of Banking is immune from suit by the third party plaintiff, Daniel L. Quinlan, Jr., and that this Court has no jurisdiction over the subject matter set forth in third party plaintiff's complaint.

Because we have found that the Department of Banking is immune from suit, we need not decide the question of whether or not the third party plaintiff has stated a claim for relief.